# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**HP DISTRIBUTION, LLC,**

    **Plaintiff,**

    v.      Case No. 16-0219

**INTERNAL REVENUE SERVICE,**

    **Defendant**

## MEMORANDUM & ORDER

This matter comes before the court upon defendant Internal Revenue Service ("IRS")'s Motion to Dismiss for Lack of Jurisdiction (Doc. 8). For the reasons explained below, the motion is granted.

*Factual Background*

HP Distribution, LLP was a commercial transportation company formed by Craig Cunningham in 2003. Craig Cunningham owned HP Distribution, LLP, and his wife, Kim, became a partner in 2009 or 2010. HP Distribution, LLP incurred IRS tax liabilities and fines from the Federal Motor Carrier Safety Administration ("FMCSA"). In 2012, HP Distribution, LLP ended its operations. That same year, Craig's son, Tanner Cunningham, and Kim Cunningham formed plaintiff HP Distribution, LLC. The FMCSA, after determining HP Distribution, LLC was HP Distribution, LLP's reincarnation, ordered HP Distribution, LLC to pay HP Distribution, LLP's fines. HP Distribution, LLC has no outstanding tax liabilities.

To collect HP Distribution, LLP's unpaid tax liabilities, defendant is attempting to determine whether plaintiff is a successor-in-interest to HP Distribution, LLP and is liable as a transferee for HP Distribution, LLP's unpaid taxes. To make this determination, defendant issued and served summonses to Allen Buchholz Insurance ("Buchholz") in Olathe, Kansas, and Bibby Financial

-1-

Services ("Bibby") in Kennesaw, Georgia, in November and December 2016. These summonses request documents that may demonstrate plaintiff uses the same assets as HP Distribution, LLP. Defendant did not provide notice of the summonses to HP Distribution, LLP or plaintiff.

Plaintiff brought this Motion to Quash Third-Party Summonses because plaintiff has no outstanding tax liabilities and the IRS failed to notify plaintiff of the summonses. (Doc. 4). Defendant argues in its Motion to Dismiss for Lack of Subject-Matter Jurisdiction: plaintiff failed to follow Federal Rule of Civil Procedure 4(i) when filing its motion because it failed to obtain and serve the United States with a summons; the court lacks jurisdiction over the Bibby Financial Services summons; the United States has not waived its sovereign immunity; and plaintiff lacks standing under 26 U.S.C. § 7609 to file its motion. (Doc. 9).

*Identifying the Proper Parties*

As a preliminary matter, the court finds that the United States of America should be substituted as the proper defendant. The IRS is not subject to suit—any suit brought against it is therefore deemed to be a suit brought against the United States. *Abell v. Sothen*, 214 F. App'x 743, 750–51 (10th Cir. 2007) (citing *Posey v. U. S. Dep't. of the Treasury—Int'l Revenue Ser.*, 156 B.R. 910, 917 (W.D.N.Y. 1993)).

*Plaintiff Should Have Complied with the Federal Rules and Served Defendant*

Next, the court notes that defendant was never served with a summons. Rule 4(i)(1)(A) states that a party suing the United States must deliver the complaint and summons to the United States Attorney for the district where the action is brought and to the United States Attorney General in Washington, D.C. Fed. R. Civ. P. 4(i)(1)(A)(i–ii). There is no indication in the court's records that plaintiff obtained a summons or served it on the United States Attorney or the Attorney General.

Plaintiff argues it satisfied the notice requirements under 26 U.S.C. § 7609(b)(2)(B) by mailing its petition to the persons summoned (Allen Buchholz Insurance and Bibby Financial Services) and to the office where the Secretary of Treasury directed notice be sent (IRS Revenue Officer Anthony Ingo). However, when a party is entitled to notice, IRS form 6639 instructs plaintiffs to serve their petitions to quash upon the appropriate parties under Rule 4. This indicates the statutory requirements supplement the Rules of Civil Procedure instead of supplanting them.

The case law does not clearly establish whether a party must comply with the Federal Rules in addition to § 7609's requirements. *See, e.g.*, *Robert S. v. United States*, 2016 WL 7046851, at \*3 (W.D. Wis. Dec. 2, 2016) (discussing differences within the Seventh Circuit.) There also is no consistent practice within this district. Courts in this district have decided several motions to quash third-party summonses where the plaintiffs did not request or serve a summons. *See, e.g.*, *HP Distribution, LLC et. al v. United States*, No. 14-237-JAR (D. Kan. June 1, 2016) (decided on the merits); *Manke et. al v. United States*, No. 12-1086-EFM-KGG (D. Kan. Dec. 7, 2012) (case dismissed for failure to answer show cause order); *Beat v. United States*, No. 4-1062-WEB-KMH (D. Kan. Dec. 6, 2004) (dismissed following joint motion to dismiss); *Hennessy v. United States*, No. 98-110-MLB-KMH (D. Kan. Jan. 4, 1999); *Renoe v. United States et. al.*, No. 98-212-KHV (D. Kan. Oct. 14, 1998) (motion voluntarily withdrawn by movants); *Pflum v. United States*, No. 97-4029-RDR (D. Kan. Aug. 19, 1997), *aff'd on merits by* 125 F.3d 862 (10th Cir. 1997); *Ewy v. United States*, No. 94-2342-KHV (D. Kan. Oct. 28, 1994); *Britling v. Int'l Revenue Serv.*, No. 94-207-KMH (D. Kan. Oct. 19, 1994); *Renner v. United States*, No. 93-226-GLR (D. Kan. July 28, 1994). None of the orders in these cases discussed the plaintiff's failure to obtain and serve a summons.

Likewise, the court has heard many cases where the plaintiffs did serve a summons on the defendant. *See, e.g.*, *Lange v. Int'l Revenue Serv.*, No. 5-cv-2151-KHV-JPO (D. Kan. Aug. 4, 2005)

(dismissed for untimely filing); *Beat v. United States*, No. 5-1008-MLB-DWB (D. Kan. Mar. 16, 2005) (dismissed following defendant's voluntary motion to dismiss case); *Alexander v. Int'l Revenue Serv., Comm'r Everson et. al.*, No. 5-1129-JTM-DWB (D. Kan. Aug. 23, 2005) (dismissed under sovereign immunity); *Krause v. United States*, No. 5-1243-WEB-DWB (D. Kan. Dec. 20, 2005) (consolidated under No. 5-mc-113-WEB-DWB and dismissed following joint stipulation of voluntary dismissal); *Bandy v. United States et. al.*, No. 7-1386-MLB-DWB (D. Kan. Apr. 24, 2008) (dismissed in part for untimely filing; remaining issues decided on the merits); *Gangi et. al. v. United States*, No. 10-1138-EFM-KGG (D. Kan. Feb. 25, 2011) (decided on the merits). Because the court dismisses this case on other grounds, this court does not need to address the adequacy of plaintiff's filing. But the court notes that it is, at the very least, a best practice to serve the defendant according to Rule 4.

*The Court Lacks Jurisdiction Over Bibby Financial Services*

To collect a person's tax liability, the IRS may summon a person who possesses records concerning the liability to produce them. 26 U.S.C. § 7602(a). This extends to summonses issued to third-parties under 26 U.S.C. § 7609. Subject to certain exceptions, the IRS must give notice to any person identified in the summons. 26 U.S.C. § 7609(a)(1). Only a person entitled to notice may initiate a proceeding to quash a summons. 26 U.S.C. § 7609(b)(2)(A). In adjudicating the proceeding to quash, only the "district court for the district within which the person to be summoned resides or is found . . ." has jurisdiction. 26 U.S.C. § 7609(h)(1). If a party challenges jurisdiction, the party claiming jurisdiction bears the burden of establishing it by a preponderance of the evidence. *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).

Since Allen Buchholz Insurance is found in Olathe, Kansas, this court has jurisdiction over that summons. But Bibby Financial Services is found in Kennesaw, Georgia. Defendant challenges this court's jurisdiction over Bibby, and plaintiff, as the party asserting this court's jurisdiction over the

summons, bears the burden of establishing jurisdiction.  Plaintiff argues that defendant did not present adequate evidence showing Bibby's principal place of business is in Georgia or that Bibby is not present in Kansas.  But plaintiff's argument regarding the inadequacy of defendant's assertions does not establish this court's jurisdiction.  As plaintiff does not establish the court's jurisdiction, the court lacks jurisdiction over the Bibby summons.  The court grants defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction regarding Bibby Financial Services.

*The United States Waives its Sovereign Immunity under § 7609(b), not § 7609(c)*

A court has jurisdiction in a suit against the United States only when the United States has waived its sovereign immunity and agrees to be sued.  *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  When a person entitled to notice of a summons timely brings a motion to quash under § 7609(b), the government waives its sovereign immunity.  *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990).  The government does not waive its sovereign immunity under § 7609(c).  *See Maehr v. C.I.R.*, 641 F. App'x 813, 815 (10th Cir. 2016).  Whether plaintiff can bring this motion to quash against the Buchholz summons, and whether this court has jurisdiction over the motion, depends on the provision under which plaintiff brings its motion.

Section 7609(c)(2) lists exceptions to when a person identified in the summons is entitled to notice.  In relevant part, these include summonses:

> (D) issued in aid of collecting:
> i) an assessment made . . . against the person with respect to whose liability the summons is issued; or
> ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i) . . . .

26 U.S.C. § 7609(c)(2)(D)(i–ii).

Since the Buchholz summons names HP Distribution, LLP and plaintiff, both would ordinarily be entitled to notice.  However defendant issued the summons against HP Distribution, LLP, which

-5-

has assessed tax liabilities. Defendant issued the summons to establish successor-in-interest liability, which would aid in collecting HP Distribution, LLP's tax liabilities. HP Distribution, LLP falls under the § 7609(c)(2)(D) exemption. HP Distribution, LLP cannot bring a motion to quash as it was not entitled to notice, and the government has not waived its sovereign immunity against HP Distribution, LLP.

Whether plaintiff falls under the exemption depends on how broadly § 7609(c)(2)(D) is interpreted. Courts are split on this issue. Defendant cites *Davidson v. United States*, a Tenth Circuit opinion where the court stated "the statute does not require the IRS to give notice when it issues a third-party record-keeper summons in aid of the collection of the liability of *any* person against whom an assessment has been made." No. 97-1244, 1998 WL 339541, at *2 (10th Cir. June 9, 1998) (emphasis in original). The Seventh Circuit adopted the same view, stating, "We agree with the Tenth Circuit [in *Davidson v. United States*] that as long as the third-party summons is issued to aid in the collection of any assessed tax liability the notice exception applies." *Barmes v. United States*, 199 F.3d 386, 390 (7th Cir. 1999). In contrast, plaintiff cites the Ninth Circuit's narrower interpretation in *Ip v. United States*, 205 F.3d 1168, 1173 (9th Cir. 2000). After analyzing the section's legislative history, the Ninth Circuit rejected a broad interpretation because it differed from the legislature's intent and would preclude anyone from challenging a summons once the IRS assessed a tax liability. *Id.* Therefore the § 7609(c)(2)(D) exemption only applies when "the third party was the assessed taxpayer, a fiduciary or transferee of the taxpayer, or the assessed taxpayer had some legal interest or title in the object of the summons." *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1105 (9th Cir. 2011).

This court will follow the Tenth Circuit's interpretation. Because defendant issued the Buchholz summons to establish successor-in-interest liability, which would aid in collecting the HP

-6-

Distribution, LLP's assessed tax liabilities, plaintiff falls under § 7609(c)(2)(D). Plaintiff was not entitled to notice and cannot bring a motion to quash against the Buchholz summons. The United States has not waived its sovereign immunity, and the court lacks jurisdiction.

Even under the Ninth Circuit's narrower interpretation, plaintiff would not be entitled to notice. The District Court for the Eastern District of Texas addressed a case similar to this case in *Alpha Tech USA, LLC v. United States*, No. 14-304, 2015 WL 137303, at * 1 (E.D. Tex. Jan. 7, 2015). In *Alpha Tech*, the IRS assessed taxes against Alpha Tech, Inc. *Id.* The owner, after paying part of the corporation's tax liability, closed the corporation and founded Alpha Tech USA, LLC, a few days later. In two third-party summonses, the IRS named the company and the owner as the alter-egos of the corporation, but the IRS did not give notice to the company or the owner. *Id.* The company and owner subsequently filed a motion to quash the summonses. Although the court primarily relied on § 7609(c)(2)(D)'s broad interpretation when holding neither were entitled to notice, the court also determined neither were entitled to notice under the Ninth Circuit's narrow interpretation. *Id.* at *3. The company appeared to be, in substance, the same entity as the corporation, and the owner was the president and resident-agent of both the corporation and the company. This demonstrated the corporation's recognizable legal interest in the records summoned. *Id.*

Similarly, Craig Cunningham created HP Distribution, LLP, in 2003. He, and later his wife Kim, served as partners. The FMCSA issued fines and the IRS assessed tax liabilities against the HP Distribution, LLP. Mr. Cunningham closed the partnership in 2012 while his son, Tanner Cunningham, and Kim Cunningham created plaintiff HP Distribution, LLC, that same year. Both companies operated out of the same location, used the same phone numbers, and employed Craig and Kim Cunningham in high-level positions. Additionally, a government administration, the FMCSA,

determined plaintiff was the reincarnation of HP Distribution, LLP. From this information, there is substantial reason to believe that plaintiff is the same entity as HP Distribution, LLP.

The Ninth Circuit's position raises important concerns regarding the potential pitfalls of interpreting the exemption broadly. But given the abundance of circumstantial evidence connecting HP Distribution, LLP to plaintiff, those concerns are not at issue in this case.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 8) is granted. Plaintiff's Motion to Quash regarding both Bibby Financial Services and Allen Buchholz Insurance is dismissed for lack of subject matter jurisdiction.

This case is closed.

Dated October 11, 2017, at Kansas City, Kansas.

    s/ Carlos Murguia
    **CARLOS MURGUIA**
    **United States District Judge**